**William Chester COLE, Petitioner-Appellant,**

v.

**STATE OF FLORIDA, Respondent-Appellee.**

No. 27141

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

July 2, 1969.

William Chester Cole, pro se.

Earl Faircloth, Atty. Gen. State of Florida, George R. Georgieff, Asst. Atty. Gen., Tallahassee, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

■ This is an appeal from the District Court's denial of appellant's prayer for habeas corpus relief after an evidentiary hearing.[1]

■ Appellant's major contention centers around the legality of his confession. Since this case is pre-*Escobedo*, pre-*Miranda*, the strict rules of admissibility of confessions as laid down in those cases are not applicable. Johnson v. New Jersey, 1966, 384 U.S. 719, 86 S. Ct. 1772, 16 L.Ed.2d 882. The legality and admissibility of a pre-*Escobedo*, pre-*Miranda* confession is determined by its voluntariness, not *per se* by whether defendant was advised of his right to remain silent or was denied counsel. However, in determining whether a confession was voluntary the failure to advise the accused of his privilege against self-incrimination or to allow him access to outside assistance is a factor to be taken into account. *See* Haynes v. State of Washington, 1963, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513; Spano v. New York, 1959, 360 U.S. 315, 79 S.Ct. 1202, 3 L.Ed.2d 1265.

Appellant makes two arguments. The first is that, apart from the absence of counsel factor, his confession was involuntary. The District Judge after a full evidentiary hearing concluded that the confession was voluntary. Because this factual holding is not clearly erroneous, we reject appellant's first contention.

■ Appellant's second contention is that because he had no counsel during the police interrogation, the confession

---

1. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such a character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804.

was invalid. In pre-*Escobedo*, pre-*Miranda* cases this fact does not *per se* invalidate a conviction. As stated above, this is one of the substantive factors to be evaluated in determining voluntariness. The District Judge considered this fact in coming to his conclusion that the confession was voluntary.

Appellant's third contention is that he would not have pleaded guilty had he not confessed, and since his confession was involuntary, his plea of guilty was involuntary. Since we uphold the District Judge's determination that the confession was voluntary, this ground fails as a basis for claiming that the guilty plea was involuntary.

We reject as unfounded appellant's last contention that the evidentiary hearing in the District Court was not full and fair.

Affirmed.